UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2:04-618 |
| v. ) | |
| ) | |
| **ARMOND RASHAWN WRIGHT** ) | |

**MOTION TO SUPPRESS AND MEMORANDUM IN SUPPORT**

The defendant, Armond Rashawn Wright, is charged with: a) one count of unlawful possession of a firearm by a convicted felon on or about December 10, 2003; b) one count of possession with intent to distribute marijuana on or about December 10, 2003; and c) using and carrying a gun during and in relation to, and possessing a gun in furtherance of, a drug trafficking crime on or about December 10, 2003.  These charges are based on the seizure of a gun and a small amount of marijuana found during a warrantless search of a car and the defendant's person after a traffic stop.  The defendant was a passenger in the car, not the driver.  The gun was found under the front passenger seat and the marijuana was found on the defendant's person.

The defendant moves this Court to suppress the drugs found on the defendant's person and the gun found in the car on December 10, 2003, because the search was in violation of the  Fourth Amendment.  The first police report indicates that on December 10, 2003, about midnight, while the police were on routine patrol, the officer noted a

1

1988 Honda make a right hand turn without using a turn signal. The officer claims that the driver and registered owner of the car, Ms. Donna Price, consented to the search of the car and stepped outside of the car. The defendant was a passenger in the front seat, and was asked to step out of the car. The report claims that the officer did a pat down search for weapons because the defendant's front pockets were full and the officer obtained the defendant's consent to search his pockets.

Both the consent to search the car by Ms. Price and the consent of the defendant are in dispute. The report states that the officer found a clear bag with suspected marijuana in the defendant's right front pocket; that after the search of the pocket, the defendant told the officer to stop searching. The officer continued to search the defendant and found another clear bag of suspected marijuana in the right front pocket and a set of digital scales in the front right pocket. In the defendant's left pocket, the officer found another clear bag of marijuana. The report states that the officer found a holster clipped to the defendant's right side. The search of the car yielded some half smoked rolled marijuana cigarettes under the driver's seat and a black 9mm gun under the passenger seat. The total amount of marijuana found was 67.9 grams.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures." U.S. Constit. amend. IV. Following the Supreme Court's decision in <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), the law is well established that during a routine traffic stop, an officer may

request a valid driver's license and vehicle registration, run a computer check and issue a citation without violating the Fourth Amendment.  United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008), citing United States v. Rusher, 966 F.2d 868, 876-77 (4th Cir. 1992), cert. denied, 506 U.S. 926 (1992).  Any further investigative detention is beyond the scope of a Terry stop and is illegal unless the officer has a reasonable suspicion of a serious crime or the individual consents to the further detention.  United States v. Farrior, 535 F.3d at 217, citing United States v. Foreman, 369 F.2d 776, 781(4th Cir. 2004).

The officer in this case had no reasonable suspicion to think that a serious crime had occurred or was occurring.   Without the consent of the driver and the defendant, who was only a passenger in the car, any searches of the defendant's person or the car were illegal.  The supplementary incident report does state that the second officer at the scene notified the first officer that the passenger, Mr. Wright, was a "known drug dealer".  Although the prior history of a person is a factor to be considered, the Fourth Circuit has held that prior record, standing alone, is not sufficient to create reasonable suspicion.  United States v. Sprinkle, 106 F.3d 613, 617 (4th Cir. 1997).  Clearly, the only fact that prompted the officers to search the car was the statement by the second officer, that the defendant was a known drug dealer.

The issue of whether consent was voluntarily given is a factual determination made by examining the totality of the circumstances.  United States v. Farrior, 535 F.3d at 219, citing Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973).  The issue of

whether the officers had reasonable suspicion to conduct a warrantless search is also determined by examining the totality of the circumstances.  <u>United States v. Sokolow</u>, 490 U.S. 1, 8-10 (1989).  The defendant respectfully requests a hearing to develop fully the facts and circumstances of the search of the car and the defendant's person.

    Respectfully submitted,


    */s/ Mary Gordon Baker*
    Assistant Federal Public Defender
    P. O. Box 876
    Charleston, SC 29402
    (843)727-4148

4